IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN WESLEY DOGGETT                                                                    PLAINTIFF

v.                    Civil No. 1:25-CV-01062-SOH-SGS

OFFICER SNAY, El Dorado Police Department,                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff John Wesley Doggett[1] initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that El Dorado Police Officer Snay used excessive force against him. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02. But not all parties have consented to the jurisdiction of the magistrate judge. Accordingly, this case will be automatically reassigned to United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute this case.

**I.     BACKGROUND**

When Plaintiff initiated this action, he did not pay the associated filing fee. Instead, he requested to proceed IFP. *See* (ECF No. 2). The Court granted his IFP Application and ordered that he update the court with any change of address within thirty days of any such change, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 3). This Order

---

[1] Plaintiff was detained at the Union County Detention Center ("UCDC") when he initiated this action. (ECF No. 1). His current whereabouts are unknown.

was not returned as undeliverable. Upon preservice review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered service of process on Defendant Snay. (ECF No. 6). On August 7, 2025, while service of process was pending, Plaintiff filed a Motion to Subpoena Video Evidence. (ECF No. 8). The Court denied that Motion as premature. (ECF No. 9). This Order was also not returned as undeliverable.

When Defendant Snay's summons was returned as unexecuted, this Court ordered personal service on Defendant Snay at the service address provided by Plaintiff. (ECF No. 10 & 12). While personal service at that address was also unsuccessful, it yielded another potential service address. (ECF No. 14). This Court then ordered service by certified mail at that address. (ECF No. 15). When more than a month passed with no information on the status of service, this Court ordered that Defendant Snay be personally served at that address. (ECF No. 17). Service was eventually executed at that address and Defendant Snay ultimately entered his Answer denying the allegations against him. (ECF No. 19 & 20). On December 30, 2025, this Court then entered an order directing Defendant Snay to either submit a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) before initiating this action by March 2, 2026, or promptly file a notice explaining that he did not intend to rely on failure to exhaust as an affirmative defense at trial. (ECF No. 21).

On January 7, 2026, Plaintiff's mail, including his copy of the summons return, was returned as undeliverable, marked "return to sender, reason: not here." (ECF No. 23). No forwarding address was provided. *Id.* On January 22, 2026, Plaintiff's copy of the Court's December 30, 2025, Order was returned as undeliverable. (ECF No. 24). More than 30 days

have elapsed since Plaintiff's mail has been returned to the Court as undeliverable and the Court has not received any updated contact information from him. In fact, the Court has not heard from Plaintiff since he filed the Motion to Subpoena Video Evidence over six months ago.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

## III. ANALYSIS

Plaintiff has violated the Court's order and the Local Rules by failing to inform the court of his current address within 30 days of a change of address. Plaintiff's current whereabouts, moreover, are unknown. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and

3

Local Rule 5.5(c)(2), this Court recommends that this matter be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 11th day of February 2026.

*s/ Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE